## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA D. FYE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OKLAHOMA CORPORATION )<br>COMMISSION, a State Agency, et al., )<br>)<br>Defendants. ) | Case Number CIV-03-1477-C |

### MEMORANDUM OPINION

Now before the Court is an Application to Partially Reconsider Entry of Summary Judgment on the Retaliation Claim (Dkt. No. 147) filed by Plaintiff Pamela D. Fye (Fye). Defendants filed a response; therefore, the motion is ripe for disposition. The Court, upon consideration of the litigants' submissions and the applicable law, now **DENIES** Fye's motion.

### BACKGROUND

Fye filed the instant action under federal question jurisdiction, 28 U.S.C. § 1331, and alleged that Defendants subjected her to discriminatory treatment in violation of various state and federal laws. Defendants moved the Court for summary judgment on all claims. In an order dated November 4, 2004, the Court granted partial summary judgment on, inter alia, Fye's Title VII retaliation claim on the basis that she failed the circumstantial evidence test enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Now, eighteen

months later, Fye moves the Court to reconsider its grant of summary judgment for Defendants on Fye's retaliation claim.

## DISCUSSION

Fye moves the Court to reconsider its use of the McDonnell Douglas burden-shifting framework test on the ground that the record before the Court at the time it adjudicated Defendants' summary judgment motion contained direct evidence of retaliation. Fye argues that the Court maintains authority under Fed. R. Civ. P. 15(b) to amend an order prior to entry of final judgment in order to take into account all evidence actually presented.[*] In response, Defendants argue that the record does not contain direct evidence of retaliation and that the Court properly used the McDonnell Douglas test.

In addition to the McDonnell Douglas prima facie scheme of proof, Fye may establish her retaliation claim directly, that is, by presenting either direct or circumstantial evidence that a retaliatory animus was a motivating factor in Defendants' decision to terminate her employment. Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 550 (10th Cir. 1999); Thomas v. Denny's, Inc., 111 F.3d 1506, 1512 (10th Cir. 1997); Greene v. Safeway Stores, Inc., 98 F.3d 554, 559-60 (10th Cir. 1996); Kenworthy v. Conoco, Inc., 979 F.2d 1462, 1471 n.5 (10th Cir. 1992). Whether direct or circumstantial evidence is presented, the evidence must

---

[*] The Court expresses no opinion on, and declines to address, whether Fye's motion is proper under Rule 15(b), Rule 60(b), or another civil procedure rule. Instead, the Court addresses the merits of the motion.

actually relate to the type of discrimination alleged in the particular employment decision under review. See Medlock, 164, F.3d at 550, Greene, 98 F.3d at 560.

For direct evidence, Fye relies upon a portion of the March 6, 2003, letter sent by Tom Daxon (Daxon):

> Dear Ms. Fye:
> I am in receipt of your letter dated and delivered March 4, 2003. I read your letter with regret. The requirements set forth in your letter are such that I have lost confidence in your ability to meet the demands that will be placed upon you. A spirit of cooperation and team work, particularly among management, is necessary for the proper functioning of this Agency. As a result, I have decided to terminate your employment with the Oklahoma Corporation Commission, effective immediately.

(Pl.'s Mot., Dkt. No. 147, Ex. 1.)  Direct evidence proves the existence of the fact at issue without inference.  E.E.O.C. v. Wiltel, Inc., 81 F.3d 1508, 1514 (10th Cir. 1996).  Here, Daxon's letter is devoid of evidence directly reflecting any discriminatory attitude. Medlock, 164 F.3d at 550.  That Daxon's letter terminating Fye came in response to Fye's letter which mentions sexual harassment does not, by itself, demonstrate a discriminatory attitude. Daxon's letter only demonstrates his belief that Fye's demands were unworkable at the management level and, as a result, he lost confidence in her ability to complete her work. To conclude that Daxon's letter reveals a discriminatory attitude would require that inferences be drawn which, by definition, removes Daxon's letter out of the realm of direct evidence.

In the alternative, Fye argues that Daxon's letter may be considered circumstantial evidence that retaliatory animus was a motivating factor in Defendants' terminating her

employment. Fye's argument fails as Daxon's letter does not contain verbiage from which a reasonable inference of discriminatory animus, much less the required retaliatory animus, may be drawn. Furthermore, to infer that Daxon's letter, whether in part or in whole, constitutes circumstantial evidence of retaliatory animus because he terminated Fye after receipt of her letter mentioning sexual harassment is too attenuated and thus unreasonable. The sequence of events is inadequate to demonstrate that Daxon maintained an improper motivation for terminating Fye. Kenworthy, 979 F.2d at 1471 n.5.

## CONCLUSION

For the reasons delineated above, Fye's argument—that the record contains evidence by which she may prove her retaliation claim directly—must fail. Accordingly, Fye's Application to Partially Reconsider Entry of Summary Judgment on the Retaliation Claim (Dkt. No. 147) is **DENIED**.

IT IS SO ORDERED this 21st day of June, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge