IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAMELA D. FYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number CIV-03-1477-C |
| | ) | |
| OKLAHOMA CORPORATION | ) | |
| COMMISSION, a State Agency, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

The Court granted summary judgment on Plaintiff's retaliation claim in Defendant Oklahoma Corporation Commission's favor in an order dated November 4, 2004. On May 24, 2006, Plaintiff asked the Court to reconsider its ruling on the retaliation claim, arguing that evidence in the record constituted direct evidence of retaliatory intent. Addressing the merits of Plaintiff's argument, the Court denied the motion. (Dkt. No. 153.) Now, Plaintiff again moves for reconsideration based on evidence that was available but not presented at summary judgment, which in conjunction with the termination letter at issue in the first motion to reconsider arguably raises a genuine issue of material fact as to retaliatory intent. Defendant has responded and opposes any change to the Court's 2004 decision.

The question before the Court is essentially whether the circumstances exist to warrant modification of an interlocutory order granting summary judgment on the retaliation claim. (See Pl.'s App'n at 2-3.) Plaintiff proposes that the Court apply the factors identified in Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1210 (10th Cir. 2002), which are relevant to a request to amend a final pretrial order. Those factors are: (1) prejudice or surprise to the

opposing party; (2) the opposing party's ability to cure any prejudice; (3) disruption by inclusion of the new issue; (4) bad faith by the party seeking to modify the order; and (5) the timeliness of the movant's motion. <u>Id.</u> at 1123. Defendant responds that Plaintiff is asking for relief beyond what would be involved in amending a final pretrial order and that she fails to offer sufficient authority or reasons for her request. Defendant also contends that, on the merits, this new evidence would be an insufficient basis on which to resist summary judgment.

Assuming that Defendant's admission that it lost confidence in Plaintiff's ability to perform her job duties because of fabricated reports of sexual harassment supplies the inferential link previously missing in Plaintiff's retaliation claim, the Court nevertheless declines to grant Plaintiff's request. The admission was adduced on May 23, 2003. Defendant's motion for summary judgment was filed more than a year later on September 1, 2004. Plaintiff responded to that motion on October 4, 2004, and identified Defendant's response containing that admission as a possible trial exhibit almost two weeks earlier, <u>see</u> Dkt. No. 85. There is absolutely no dispute that this admission was available at the time of the time of summary judgment and known to Plaintiff's prior counsel. (Pl.'s App'n at 2 ¶ 5.) For this reason, had judgment been issued, Plaintiff could not avail herself of Federal Rule of Civil Procedure 59(e).

Similarly, the Court will not now set aside its order that Defendant is entitled to partial summary judgment on Plaintiff's retaliation claim based on evidence that was available but not presented. That this was due to the oversight or strategic choice of prior counsel does not alter that conclusion.

> A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.

Alderfer v. Bd. of Trustees of Edwards County Hosp., No. 05-1084-MLB, 2006 WL 2548786, at *7 (D. Kan. Aug. 31, 2006).

Although the Court is free to reconsider and reverse its decision on an interlocutory order, the circumstances do not warrant such reversal. In this case, considerations of fairness and judicial economy clearly outweigh Plaintiff's interest in getting a second (or third) bite at the summary judgment apple. See, e.g., Hill v. W. Door, No. 04 CV 00332 REB CBS, 2006 WL 1537190, at *2 (D. Colo. May 31, 2006) (denying motion to reconsider grant of partial summary judgment based on evidence that was available but not cited in response brief).

Accordingly, Plaintiff's Second Application to Partially Reconsider Entry of Summary Judgment on the Retaliation Claim (Dkt. No. 167) is DENIED.

IT IS SO ORDERED this 26th day of September, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge